LEON GREENBERG, ESQ., SBN 8094
RUTHANN DEVEREAUX-GONZALEZ, ESQ., SBN 15904
Leon Greenberg Professional Corporation
1811 South Rainbow Blvd- Suite 210
Las Vegas, Nevada 89146
(702) 383-6085
(702) 385-1827(fax)
leongreenberg@overtimelaw.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ERIK LUIS TZALAM CHUB, ALVARO MARCOS TZALAM CHUB, ELDER RAMIRO TZALAM TZALAM, JORGE MAURILIO MARQUIN TZALAM and SERGIO JOSE JOAQUIN HOO TZALAM, Individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>JARQUIN CONSTRUCTION L.L.C., KIWI II CONTRUCTION INC., HADFIELD DEVELOPMENT INC., and MARVIN SAMAYOA;<br><br>Defendants. | Case No.:<br><br>**COMPLAINT** |

COMES NOW Plaintiffs ERIK LUIS TZALAM CHUB, ALVARO MARCOS TZALAM CHUB, ELDER RAMIRO TZALAM TZALAM, JORGE MAURILIO MARQUIN TZALAM and SERGIO JOSE JOAQUIN HOO TZALAM, Individually and on behalf of others similarly situated, by and through their attorneys, Leon

Greenberg Professional Corporation, as and for a Complaint for Violation of the Fair Labor Standards Act and Nevada State Law alleges as follows:

**JURISDICTION, PARTIES AND PRELIMINARY STATEMENT**

1. This Court has original federal question jurisdiction over the claims presented herein pursuant to the Act of June 25, 1938, ch 676, 52 Stat 1069, 29 USC Sections 201-219, known as the Fair Labor Standards Act ("the FLSA" or "the Act"), a law of the United States regulating interstate commerce, and specifically under the provisions of Section 16 of said act, as amended (29 U.S.C. § 216(b)). The Court has supplemental jurisdiction over the State Law claims alleged herein pursuant to 28 U.S.C. § 1367(a).

2. The plaintiff ERIK LUIS EMANUEL TZALAM CHUB is currently a resident and during all relevant times was a resident of Clark County, Nevada, and is now a former employee of the defendants Jarquin and Kiwi who began work for such defendants in or around 2018 and was terminated on or about January 30, 2026.

3. The plaintiff ALVARO MARCOS TZALAM CHUB is currently a resident and during all relevant times was a resident of Clark County, Nevada, and is now a former employee of the defendants Jarquin and Kiwi who began work for such defendants in or around September of 2019 and was terminated on or about January 30, 2026.

4. The plaintiff ELDER RAMIRO TZALAM TZALAM is currently a resident and during all relevant times was a resident of Clark County, Nevada, and is now a former employee of the defendants Jarquin and Kiwi who began work for such defendants in or around March of 2024 and was terminated on or about December 7, 2025.

5. The plaintiff JORGE MAURILIO MARQUIN TZALAM is currently a resident and during all relevant times was a resident of Clark County, Nevada, and is now a former employee of the defendants Jarquin and Kiwi who began work for such defendants in or around April of 2024 and was terminated on or about January 30,

2026.

6. The plaintiff SERGIO JOSE JOAQUIN HOO TZALAM is currently a resident and during all relevant times was a resident of Clark County, Nevada, and is now a former employee of the defendants Jarquin and Kiwi who began work for such defendants in or around March of 2024 and was terminated on or about January 30, 2026.

7. The defendant JARQUIN CONSTRUCTION L.L.C. ("Jarquin") is a Colorado limited liability corporation. Jarquin conducts business in Clark County Nevada and has employees who work for it in Clark County Nevada.

8. The defendant KIWI II CONTRUCTION INC. ("Kiwi") is a California corporation. Kiwi conducts business in Clark County Nevada and has employees who work for it in Clark County Nevada.

9. The defendant HADFIELD DEVELOPMENT INC. (“Hadfield”) is a Nevada Corporation and Nevada Licensed General Contractor.

10. The defendant MARVIN SAMAYOA (the “individual defendant”) was an owner, manager, member, officer, director and/or controlling agent of the defendant Jarquin and, as detailed herein, has acted as an “employer or agent of an employer” of the plaintiffs and the putative FLSA collective action members within the meaning of the FLSA and is as a result fully liable for all claims made herein.

11. Defendant MARVIN SAMAYOA is personally liable for the FLSA violations alleged herein, and has “acted as an employer” within the meaning of the FLSA by committing the following acts and/or omissions: By having the plaintiffs and similarly situated employees regularly perform 40 or more hours of work per week without the payment of overtime (“time and one-half pay”) for all hours they worked in excess of 40 hours per week. Such circumstances and policies were imposed by defendants pursuant to MARVIN SAMAYOA’s orders and/or with his express assent and knowledge despite him being aware such policies were in violation of the FLSA and MARVIN SAMAYOA as the sole or part owner of defendant Jarquin and the

controlling executive officer of the defendant Jarquin having the ability and authority to stop such violations of the FLSA; and in continuing to have defendant Jarquin violate the FLSA and/or allow such violations, as alleged herein, despite having the authority and ability to stop such violations, such failure to act and/or inform himself of the illegality of such actions being intentional and/or willful and/or wanton and reckless as the profitability of defendant Jarquin's business and defendant MARVIN SAMAYOA's personal enrichment was advanced by such violations of the FLSA and the defendant MARVIN SAMAYOA substantially profited from the defendant Jarquin's FLSA violations and as a result took no actions to prevent or correct such violations.

12. The defendants engage in a for-profit business of providing construction services which has gross revenue in excess of $500,000 per annum and are engaged in the production of goods for interstate commerce and/or the use and/or handling of goods which have moved in interstate commerce as such terms are defined in the FLSA and are employers subject to the jurisdiction of the FLSA.

**COLLECTIVE ACTION ALLEGATIONS**

13. This is a collective action brought on behalf of all persons who worked for the defendants Kiwi and Jarquin within the last three years in defendants' business providing construction services in respect to the FLSA claims made herein.

14. The collective action may include one or more sub-classes if the Court finds that more manageable.

15. A common circumstance of the defendants Kiwi and Jarquin's employees giving rise to the Fair Labor Standards Act collective action allegations is that in most or all of their work weeks they were not paid the overtime ("time and one-half") pay required by the FLSA for hours worked in excess of 40 hours per week. Defendants Jarquin and Kiwi's employees worked a minimum of nine to eleven hours of work per day six days per week, Monday through Saturday, in excess of 40 hours of work in every work week except when they may have worked fewer hours in the first or last

week of their employment for such defendants; or for the workweek containing Christmas day, December 25, each year; and for the below limited time periods when each of the named plaintiffs did *not* work in excess of 40 hours per week:

(A) In or around the middle of October, 2024 through December 2024, Plaintiff ERIK LUIS EMANUEL TZALAM CHUB worked fewer than forty hours for each week worked.

(B) In or around the middle of October, 2024 through December 2024, Plaintiff ELDER RAMIRO TZALAM TZALAM was not working any hours during certain weeks and less than 40 hours during some weeks.

(C) In or around the middle of October, 2024 through November 2024, Plaintiffs ALVARO MARCOS TZALAM CHUB, JORGE MAURILIO MARQUIN TZALAM, and SERGIO JOSE JOAQUIN HOO TZALAM worked fewer than forty hours for each week worked.

16. Pursuant to Section 16(b) of the FLSA the plaintiffs bring this Complaint as a collective action (also commonly referred to as an "opt-in" class), on behalf of themselves and all persons similarly situated, to wit all persons employed by defendants Kiwi and Jarquin during the three years prior to the filing of this Complaint until entry of judgment after trial, such persons not being paid overtime wages in accordance with the FLSA. Such weeks of work where defendants failed to pay such overtime wages are known to defendants as defendants required such work every week, with only the limited exceptions as described *supra*.

**AS AND FOR A FIRST CLAIM FOR RELIEF PURSUANT TO THE FLSA AGAINST DEFENDANTS JARQUIN AND KIWI**

17. The named plaintiffs bring this First Claim for Relief pursuant to 29 U.S.C. § 216(b) on behalf of themselves and all persons who have filed, or will file,

their written consents with the Court to join this lawsuit and against defendants Jarquin and Kiwi including the individual defendants.

18. Defendants Jarquin and Kiwi failed to pay the plaintiffs and those similarly situated time and one-half their regular rate of pay for all hours worked in excess of 40 hours per week, in violation of the FLSA's overtime pay requirements.

19. Defendants Jarquin and Kiwi's violations of the FLSA were willful and intentional as the defendants were well aware they needed to comply with the FLSA and took intentional and purposeful actions to avoid paying the wages required by the FLSA. Those actions included knowingly requiring plaintiffs and others similarly situated to submit record of their time worked and refusing to pay all hours over 40 hours per week at the required time and one and one-half rate, instead paying plaintiffs only their regular hourly rate for all hours worked, including those worked over 40 hours per week.

20. The plaintiffs, on behalf of themselves and all other similarly situated persons who consent in writing to join this action, seek, on this First Claim for Relief, a judgment for unpaid overtime wages and additional liquidated damages of 100% of those amounts, such sums to be determined based upon an accounting of the hours worked by the plaintiffs and any such other persons who consent to join this action, and the wages they were paid and the plaintiffs also seek an award of attorneys' fees, interest and costs as provided for by the FLSA.

**AS AND FOR A SECOND CLAIM FOR RELIEF AS PER NRS § 608.018 AGAINST DEFENDANTS JARQUIN AND KIWI**

21. The plaintiffs repeat all of the allegations previously made and bring this Second Claim for Relief pursuant to NRS 608.018

22. The defendant Jarquin and Kiwi have failed to pay the plaintiffs time and one-half their regular rate of pay for all hours worked in excess of 40 hours per week, in violation of the overtime pay requirements of NRS 608.018.

23. The plaintiffs seek on this Second Claim for Relief, a judgment for unpaid

overtime wages, such sums to be determined based upon an accounting of the hours worked by the plaintiffs and the wages they were paid and the plaintiffs also seek an award of attorneys' fees, interest and costs as provided for by Nevada Law.

**AS AND FOR A THIRD CLAIM FOR RELIEF PURSUANT TO NRS § 608.040 AND NRS § 608.050 ON BEHALF OF THE NAMED PLAINTIFFS DEFENDANTS JARQUIN AND KIWI**

24. The plaintiffs repeat all of the allegations previously made and bring this Third Claim for Relief pursuant to Nevada Revised Statutes § 608.040 and § 608.050.

25. The plaintiffs have been separated from their employment with the defendants Jarquin and Kiwi prior to the filing of the instant action, and at the time of such separation were owed unpaid wages by the defendants, the unpaid overtime wages alleged herein.

26. The defendants Jarquin and Kiwi have failed and refused to pay the plaintiffs their earned but unpaid wages, such conduct constituting a violation of Nevada Revised Statutes § 608.020, or § 608.030 and giving the plaintiffs a claim and/or lien against the Company Defendants for a continuation after the termination of their employment with the defendants of their normal daily wages, until such earned but unpaid wages are actually paid or for 30 days, as such claim and/or lien, whichever is less, pursuant to Nevada Revised Statutes § 608.040 and Nevada Revised Statutes § 608.050.

27. As a result of the foregoing, the plaintiffs seek a judgment against the defendants Jarquin and Kiwi for the wages owed to them and as prescribed by Nevada Revised Statutes § 608.040, for a sum equal to up to thirty days wages, and as prescribed by Nevada Revised Statutes § 608.050, for a sum equal to up to 30 days wages, along with interest, costs and attorneys' fees.

**AS AND FOR A FOURTH CLAIM FOR RELIEF PURSUANT TO NRS 608.150 ON BEHALF OF THE NAMED PLAINTIFFS AGAINST THE DEFENDANTS HADFIELD AND KIWI**

29. The named plaintiffs bring this Fourth Claim for Relief pursuant to NRS 608.150 against the defendants Hadfield and Kiwi.

30. Pursuant to NRS 608.150 the defendants Hadfield and Kiwi, as superior contractors of the defendant Jarquin, are liable to the named plaintiffs for all unpaid wages they are owed by defendant Jarquin within the statute of limitations applicable to claims brought under NRS 608.150.

31. The named plaintiffs seek a judgment against the defendants Hadfield and Kiwi for the unpaid wages owed to them by defendant Jarquin, such sums to be determined based upon a review of the relevant facts and an accounting of the hours worked by, and wages actually paid to, the named plaintiffs along with an award of attorney's fees, interest and costs as provided for by Nevada law.

WHEREFORE, plaintiffs demand the relief on each cause of action as alleged aforesaid, together with costs, interest, attorney's fees and such other relief as the Court deems just.

Plaintiffs demand a trial by jury on all issues so triable.

Dated this 11th day of February, 2026

Leon Greenberg Professional Corporation

By: /s/ *Ruthann Devereaux-Gonzalez*
Ruthann Devereaux-Gonzalez, Esq.
Nevada Bar No.: 15904
1811 South Rainbow Blvd- Suite 210
Las Vegas, Nevada 89146
(702) 383-6085

Attorney for Plaintiffs